IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vahisha Woodard, ) | C/A No.: 0:21-938-SAL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND NOTICE |
| AmerisourceBergen; Jerry Harris; ) | |
| Nisha Simon; and Scott Tate, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Vahisha Woodard ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against Jerry Harris, Nisha Simon, Scott Tate ("Individual Defendants") and AmerisourceBergen ("Amerisource") (collectively "Defendants") seeking damages. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff's original complaint alleged she suffered discrimination and retaliation when Amerisource failed to properly train Individual Defendants to provide her due process in accordance with policy. [ECF No. 1 at 2]. She alleges Individual Defendants retaliated against her after she complained about her work assignment and timesheet. *Id.* She alleges Amerisource

discriminated against her by terminating her, but retaining an employee of a different race whose "record was extremely flawed." *Id.* Construing Plaintiff's original complaint liberally, the court found that Plaintiff had arguably alleged a claim of race discrimination against Amerisource.

On April 2, 2021, the undersigned issued an order directing Plaintiff provide the service documents necessary for initial review. In addition, the undersigned directed Plaintiff to complete the form employment discrimination complaint and attach a copy of her Right to Sue letter. [ECF No. 6]. The undersigned also noted the Individual Defendants were not subject to liability pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").

On April 27, 2021, Plaintiff filed the completed form complaint, which the court construes as an amended complaint. [ECF No. 11].[1] Plaintiff indicates she is suing pursuant to Title VII for national origin discrimination. *Id.* at 3, 5. She states the alleged discriminatory act occurred on January 13, 2020, and that she believes she filed a charge of discrimination on December 18, 2020. *Id.* at 4, 5. She represents that she received a Notice of Right to Sue letter, but she fails to provide the date or a copy. *Id.* In the spaces for the

---

[1] Prior to Plaintiff's amended complaint being filed on the docket, the undersigned issued a second proper form order on April 27, 2021. [ECF No. 9]. The undersigned vacates ECF No. 9 and will issue an updated proper form order addressing Plaintiff's April 27, 2021 filings.

facts and relief sought, the complaint reads "See attachment," but the only attachment is an undated letter to Amerisource indicating Plaintiff's intent to sue that states it "is intended to serve notice and satisfy any state or federal legal requirement prior to filing suit in the state or federal court." [ECF No. 11-1].

II.  Discussion

   A.  Standard of Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. No Liability for Individual Defendants

The Individual Defendants are not subject to liability under Title VII. *See Baird ex rel. Baird v. Rose*, 193 F.3d 462, 472 (4th Cir. 1999) (stating "Title VII does not authorize a remedy against individuals for violations of its provisions"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511–14 (4th Cir. 1994). To the extent Plaintiff is asserting a claim pursuant to 42 U.S.C. § 1983 against the Individual Defendants, she has failed to allege they were state actors.

2. No Due Process Right Against a Private Employer

To the extent Plaintiff alleges Defendants failed to provide her a constitutional right to due process, her claim fails because Defendants are not state actors. To the extent Plaintiff alleges Amerisource failed to follow its policies, she may have a claim for breach of contract. However, she has failed to provide sufficient facts, such as the contract or specific policies allegedly violated. Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court

need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

        3.        Plaintiff's Title VII Claims Appear Untimely

Plaintiff was required to file a charge of discrimination with the South Carolina Human Affairs Commission or the Equal Employment Opportunity Commission within 300 days of the alleged wrongful event. 42 U.S.C. § 2000e-5(e)(1). Charges filed outside that timeframe are barred, and the allegations in the charge "generally operate to limit the scope of any subsequent judicial complaint. Only those discrimination claims stated in the original charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citations omitted). Under Title VII, the filing of a charge of discrimination is a statutory prerequisite to filing a lawsuit. 42 U.S.C. § 2000e-5(e)(1). "The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation." *Causey*, 162 F.3d at 800–01.

Plaintiff's amended complaint states the allegedly discriminatory act occurred on January 13, 2020. [ECF No. 11 at 3]. Therefore, any charge of discrimination should have been filed by November 8, 2020. Plaintiff's

amended complaint states that to the best of her knowledge, she filed a charge of discrimination on December 18, 2020. Therefore, it appears Plaintiff's Title VII claim will be barred as untimely.

    4.    Insufficient Factual Allegations of Discrimination

Plaintiff's initial complaint could be liberally construed as asserting a claim of racial discrimination, but it contains insufficient factual matter for the court to authorize service. On the other hand, Plaintiff's amended complaint contains no factual allegations, but appears to assert a claim of discrimination based on national origin. Even if the complaints are construed together as one document, Plaintiff fails to allege sufficient facts to state a claim.

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, she may be able to cure deficiencies in her complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **May 19, 2021**, along with any appropriate service documents. **Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself.** *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted).

If Plaintiff files an amended complaint, the undersigned will conduct screening of it pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or otherwise fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

April 29, 2021  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge